IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY A. HITE, | ) | CASE NO. 3:16 CV 1272 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Jeffrey A. Hite under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his application for supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties have

---

[1] ECF # 14. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 10.

[4] ECF # 11.

[5] ECF # 6.

[6] ECF # 12.

briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

## Facts

### A.    Background facts and decision of the Administrative Law Judge ("ALJ")

Hite, who was 52 years old at the time of the administrative hearing,[11] graduated high school and attended one year of college.[12] He is not married, has no children, and lives alone in an apartment.[13]  Hite has not worked since 1985[14] and, therefore, has no past relevant work history.[15]

The ALJ, whose decision became the final decision of the Commissioner, found that Hite had the following severe impairments: degenerative disc disease of the cervical,

---

[7] ECF # 16 (Commissioner's brief); ECF # 15 (Hite's brief).

[8] ECF # 16-1 (Commissioner's charts); ECF # 15-2 (Hite's charts).

[9] ECF # 15-1 (Hite's fact sheet).

[10] ECF # 21.

[11] ECF #15-1, at 1.

[12] *Id*.

[13] ECF # 11, Transcript ("Tr.") at 47.

[14] *Id*. at 49.

[15] *Id*. at 33.

thoracic, and lumbar spine; partial tear/tendonitis of the acromioclavicular joint of the left shoulder; costochondritis/Tietzes Syndrome; and obesity (20 CFR 416.920(c)).[16]

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Hite's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the individual can occasional[ly] climb ramps or stairs and never climb ladders, ropes, or scaffolds. The individual can occasional[ly] balance, stoop, kneel, crouch, or crawl and frequent reaching in all directions, including overhead, with the bilateral upper extremities.[17]

Hite has no past relevant work experience.[18]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Hite could perform.[19] The AlJ, therefore, found Hite not under disability.[20]

_____

[16] *Id*. at 22.

[17] *Id.* at 25.

[18] *Id.* at 33.

[19] *Id*. at 34.

[20] *Id*.

**B.     Issues on judicial review**

Hite asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Hite presents the following issue for judicial review:

- Whether the ALJ erred in her finding of residual functional capacity when she failed to evaluate pain and other symptoms under Social Security's own rules and regulations for the evaluation of subjective symptoms.[21]

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

# Analysis

**A.     Legal standards**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

---

[21] ECF # 15, at 1.

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[22]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[23] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[24]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## 2.    *Pain as a cause of disability and credibility*

When a claimant presents pain as the cause of disability, the decision of the Sixth Circuit in *Duncan v. Secretary of Health and Human Services*[25] provides the proper analytical framework. The Court in *Duncan* established the following test:

[t]here must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition

---

[22] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[23] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[24] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[25] *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847 (6th Cir. 1986).

must be of a severity which can reasonably be expected to give rise to the alleged pain.[26]

Under the first prong of this test, the claimant must prove by objective medical evidence the existence of a medical condition as the cause for the pain. Once the claimant has identified that condition, then under the second prong he or she must satisfy one of two alternative tests – either that objective medical evidence confirms the severity of the alleged pain or that the medical condition is of such severity that the alleged pain can be reasonably expected to occur.[27]

Objective medical evidence of pain includes evidence of reduced joint motion, muscle spasm, sensory deficit, or motor disruption.[28] The determination of whether the condition is so severe that the alleged pain is reasonably expected to occur hinges on the assessment of the condition by medical professionals.[29] Both alternative tests focus on the claimant's "alleged pain."[30] Although the cases are not always clear on this point, the standard requires the ALJ to assume arguendo pain of the severity alleged by the claimant and then determine if objective medical evidence confirms that severity or if the medical condition is so bad that such severity can reasonably be expected.

---

[26] *Duncan*, 801 F.2d at 853.

[27] *Felisky v. Bowen*, 35 F.3d 1027, 1039 (6th Cir. 1994).

[28] *Id.* at 1037 (quoting 20 C.F.R. 404.1529(c)(2)).

[29] *Walters v. Comm'r of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997).

[30] *Duncan*, 801 F.2d at 853.

A claimant's failure to meet the *Duncan* standard does not necessarily end the inquiry, however. As the Social Security Administration has recognized in a policy interpretation ruling on assessing claimant credibility,[31] in the absence of objective medical evidence sufficient to support a finding of disability, the claimant's statements about the severity of his or her symptoms will be considered with other relevant evidence in deciding disability:

> Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.[32]

The regulations also make the same point.

> We must always attempt to obtain objective medical evidence and, when it is obtained, we will consider it in reaching a conclusion as to whether you are disabled. However, we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements.[33]

Under the analytical scheme created by the Social Security regulations for determining disability, objective medical evidence constitutes the best evidence for gauging a claimant's residual functional capacity and the work-related limitations dictated thereby.[34]

---

[31] Social Security Ruling (SSR) 96-7p, Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 61 Fed. Reg. 34483 (July 2, 1996).

[32] *Id.* at 34484.

[33] 20 C.F.R. § 416.929(c)(2).

[34] *Swain*, 297 F. Supp. 2d at 988-89.

As a practical matter, in the assessment of credibility, the weight of the objective medical evidence remains an important consideration. The regulation expressly provides that "other evidence" of symptoms causing work-related limitations can be considered if "consistent with the objective medical evidence."[35] Where the objective medical evidence does not support a finding of disability, at least an informal presumption of "no disability" arises that must be overcome by such other evidence as the claimant might offer to support his claim.

The regulations set forth factors that the ALJ should consider in assessing credibility. These include the claimant's daily activities; the location, duration, frequency, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; and treatment or measures, other than medication, taken to relieve pain.[36]

The specific factors identified by the regulation as relevant to evaluating subjective complaints of pain are intended to uncover a degree of severity of the underlying impairment not susceptible to proof by objective medical evidence. When a claimant presents credible evidence of these factors, such proof may justify the imposition of work-related limitations beyond those dictated by the objective medical evidence.

The discretion afforded by the courts to the ALJ's evaluation of such evidence is extremely broad. The ALJ's findings as to credibility are entitled to deference because he has

---

[35] 20 C.F.R. § 404.1529(c)(3).

[36] 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii).

the opportunity to observe the claimant and assess his subjective complaints.[37] A court may not disturb the ALJ's credibility determination absent compelling reason.[38]

If the ALJ rejects the claimant's complaints as incredible, he must clearly state his reasons for doing so.[39] Unlike the requirement that the ALJ state good cause for discounting the opinion of a treating source, the regulation on evaluating a claimant's subjective complaints contains no express articulation requirement. The obligation that the ALJ state reasons for rejecting a claimant's complaints as less than credible appears to have its origin in case law.[40] The Social Security Administration has recognized the need for articulation of reasons for discounting a claimant's credibility in a policy interpretation ruling.

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.[41]

---

[37] *Buxton*, 246 F.3d at 773.

[38] *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

[39] *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994).

[40] *Felisky*, 35 F.3d at 1036; *Auer v. Sec. of Health & Human Servs.*, 830 F.2d 594, 595 (6th Cir. 1987).

[41] SSR 96-7p, 61 Fed. Reg. at 34484.

The strong statement from the administrative ruling quoted above constitutes a clear directive to pay as much attention to giving reasons for discounting claimant credibility as must be given to reasons for not fully accepting the opinions of treating sources. An ALJ in a unified statement should express whether he or she accepts the claimant's allegations as credible and, if not, explain the finding in terms of the factors set forth in the regulation.[42] The ALJ need not analyze all seven factors identified in the regulation but should provide enough assessment to assure a reviewing court that he or she considered all relevant evidence.[43] The articulation should not be conclusory;[44] it should be specific enough to permit the court to trace the path of the ALJ's reasoning.[45]

## B.    Application of standards

Hite presents a straightforward challenge to the ALJ's determination that his complaints of pain and other limiting symptoms were not entirely credible.[46] In that regard Hite argues that the reasons given by the ALJ for this finding "do not conform to the regulatory test."[47] Specifically, Hite contends:

---

[42] 20 C.F.R. § 404.1529(c)(3).

[43] *Blom v. Barnhart*, 363 F. Supp. 2d 1041, 1054 (E.D. Wisc. 2005).

[44] SSR 96-7p, 61 Fed. Reg. at 34384.

[45] *Blom*, 363 F. Supp. 2d at 1054.

[46] ECF # 15 at 8.

[47] *Id*.

- The decision "misrepresents the objective evidence" by citing to findings of mild or moderate impairments while "ignoring" findings showing severe impairments;[48]

- the decision "fails to consider any of the other factors described in the regulation," such as "daily activities, location, duration, frequency and intensity of the pain; precipitating and aggravating factors; medications; treatment other than medication; and any other measures used to relieve the pain;"[49]

- the decision "does not address clinical findings" that support the complaints of pain.[50]

Hite concludes by stating that the ALJ's pain analysis rendered her conclusion "beyond meaningful appellate review.[51] He also points out that given his age, education and work experience, he would "grid out" under the Medical-Vocational Guidelines (the grids) if he were judged capable of only sedentary work, as he would be if the functional effects of his claimed pain were credited.[52]

---

[48] *Id.* (citing record).

[49] *Id.* at 8-9 (citing 20 C.F.R. § 416.929; SSR 96-7p).

[50] *Id.* at 9-10.

[51] *Id.* at 10.

[52] *Id.* at 11.

In addition to my decision in *Cross v. Commissioner*,[53] Magistrate Judge Vecchiarelli set forth the applicable standard of review in the highly analogous matter of *Malkieh v. Commissioner of Social Security*:[54]

> 1. Whether the ALJ Erred in Assessing Plaintiff's Complaints of Pain
>
> Pain alone, if caused by a medical impairment, may be severe enough to constitute a disability. *See Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 538 (6th Cir.1981), cert. denied, 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983).* When a claimant complains of disabling pain, the Commissioner must apply a two step test to determine the credibility of such complaints. *See Felisky v. Bowen, 35 F.3d 1027, 1038–39 (6th Cir.1994)* (citing *Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir.1986)* ). First, the Commissioner must examine whether the objective medical evidence supports a finding of an underlying medical condition that could cause the alleged pain. *Id.* Second, if there is such an underlying medical condition, the Commissioner must examine whether the objective medical evidence confirms the alleged severity of pain or, alternatively, whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged severity of pain. *Id.*
>
> Further, in assessing a claimant's complaints of disabling pain, the ALJ must consider all of the relevant evidence, including: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's alleged pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) treatments other than medication that the claimant has received to alleviate the pain; and (6) any measures that the claimant takes to relieve his pain. *See Felisky, 35 F.3d*

---

[53] *Cross v. Comm'r of Soc. Sec.*, 373 F.Supp. 2d 724 (N.D. Ohio 2005).

[54] *Malkieh v. Comm'r of Soc. Sec.*, No. 1:12 CV 1907, 2013 WL 1283898 (N.D. Ohio March 26, 2013).

-12-

*at 1039–40* (citing 20 C.F.R. § 404.1529© ). Courts are not required to discuss all of the relevant factors; an ALJ may satisfy the requirements by considering most, if not all, of the relevant factors. *Bowman v. Chater, 132 F.3d 32 (Table), 1997 WL 764419, at \*4 (6th Cir. Nov.26, 1997)* (per curiam). However, the ALJ must be clear why he finds that a claimant's subjective statements are not credible:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

*SSR 96–7p, 1996 WL 374186, at \*2 (July 2, 1996).*[55]

In this case, although the ALJ did not directly discuss every piece of clinical evidence, the ALJ gave significant weight to the functional opinion of Dr. Teresita Cruz, M.D., a state agency reviewing physician, and to the opinion of Dr. William Bolz, M.D., who is also a state agency reviewing physician.[56]  In particular, Dr. Cruz reviewed Hite's file in February 2012, or after the October 2011 MRI that Hite here asserts is the major piece of "ignored" evidence showing severe back impairments.[57]  The ALJ specifically pointed to the fact that the functional opinions of these state agency physicians were consistent with the treatment

---

[55] *Id*. at \*\* 6-7.

[56] Tr. at 32.

[57] ECF # 19 at 3.

notes of Dr. Adam Hedaya, M.D., Hite's treating physician,[58] and that Dr. Hedaya "continued [Hite] on conservative treatment measures through July 2013."[59]

In addition, the ALJ weighed and considered the August 2011 functional opinion of Dr. Marsha Cooper, M.D., a consulting examining physician, whose examination found that "[Hite's] thoracic spine revealed no acute or gross abnormalities" and further observed that "[Hite] had negative results for pain on straight leg raises bilaterally."[60]   The ALJ then carefully noted that Hite had undergone additional treatment and tests since being evaluated by Dr. Cooper, including being "assessed with multilevel degenerative changes in the cervical and lumbar spine consistent with his complaints of limitations in bending, twisting, lifting, walking and transitioning."[61]   That said, however, the ALJ stated that the opinion of Dr. Cooper remained consistent with the treatment notes from Dr. Hedaya "which show that [Hite] has only minimal limitations in ambulation and is "consistent with the objective radiographs of [Hite's] lumbar and cervical spine, which show only mild-to-moderate degenerative changes."[62]

As noted, it is this last characterization of the images of Hite's spine as showing only mild to moderate changes that Hite maintains is a factual error of a magnitude so as to

---

[58] Tr. at 32.

[59] *Id*. at 28.

[60] Tr. at 30.

[61] *Id*.

[62] *Id*. at 30-31.

warrant remand.[63]  While an argument can be made as to whether the description of these images is fully accurate, it cannot be argued that the images themselves were ignored. Indeed, as noted directly above, the ALJ herself explicitly pointed to these images as being consistent with Hite's complaints of pain, and supportive of limitations as to lifting, bending and walking.[64]

But the ALJ also found that even when considering these images and their functional effect, Dr. Cooper's examination still showed that Hite "appeared nonchalant" during the examination, with "an air of supreme indifference."[65]

Finally, in the portion of the opinion directly dealing with credibility, the ALJ once again was careful to once again acknowledge that Hite has been diagnosed "with degenerative disc disease of the cervical and lumbar spine."[66]  She also acknowledged in the opinion that Hite has chronic pain.[67]  But, the ALJ noted, no medical opinion placed Hite on "work restrictions" and his pain has only been conservatively treated.[68] As the Commissioner states, no medical opinion in the record found Hite as functionally limited as he claims, but

---

[63] ECF # 19 at 3.

[64] Tr. at 30.

[65] *Id*.

[66] *Id*. at 33.

[67] *Id.* at 28-29.

[68] *Id*. at 33.

rather all the opinion evidence, including those to have considered the objective evidence Hite now cites as crucial, support the view that Hite's impairments are not work-preclusive.[69]

## Conclusion

For the reasons stated, I find that substantial evidence supports the decision of the Commissioner to deny benefits to Jeffrey A. Hite, and so I hereby affirm that decision.

IT IS SO ORDERED.

Dated: September 22, 2017                           s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge

---

[69] ECF # 16 at 6.